# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10894
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 21, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERGIO MORENO VIDALES, also known as Yayo, also known as Rene Pedraza Guerrero, also known as Jose Manuel Juarez Preciado,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CR-154-17

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

A jury found Sergio Moreno Vidales guilty of conspiracy to possess with intent to distribute more than 500 grams of methamphetamine (count one); possession with intent to distribute 500 grams or more of methamphetamine (count three); possession of a firearm in furtherance of a drug trafficking offense (count four); and possession of a firearm by an alien unlawfully in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10894

United States (count four).  The district court sentenced him to a total of 363 months in prison to be followed by a total of five years of supervised release. Vidales now appeals his conviction of count four, arguing that the evidence was insufficient to demonstrate that he possessed the firearm in furtherance of or in relation to drug trafficking.

As Vidales did not preserve his challenge to the sufficiency of the evidence by a motion for acquittal, we review for plain error. *United States v. Delgado*, 672 F.3d 320, 331-32 (5th Cir. 2012) (en banc).  To satisfy this standard, Vidales must demonstrate a manifest miscarriage of justice, meaning that the record must be devoid of evidence of guilt or the evidence must be so tenuous as to make the verdict shocking. *Id.* at 330-31.  This court reviews all evidence and reasonable inferences in the light most favorable to the verdict. *United States v. Rose*, 587 F.3d 695, 702 (5th Cir. 2009).

In a prosecution pursuant to 18 U.S.C. § 924(c)(1)(A), a defendant is deemed to possess a firearm "in furtherance of the drug trafficking offense when it furthers, advances, or helps forward that offense." *United States v. Ceballos-Torres*, 218 F.3d 409, 410-411 (5th Cir. 2000).  We consider a number of factors in making this determination, including (1) the type of drug activity, (2) the type of firearm, (3) the accessibility of the firearm, (4) the proximity of the firearm to drugs or drug profits, (5) whether the firearm was loaded, (6) whether the firearm was stolen, (7) whether the firearm was possessed legally or illegally, and (8) the time and circumstances under which the firearm was found. *Id.* at 414-15.

Here, a Browning 9mm pistol was discovered under a pillow on a bed on which Vidales was lying; the firearm was cocked and loaded; more than 1.2 kilograms of methamphetamine, drug distribution paraphernalia, and other weapons were found in the bedroom closet; and Vidales could not legally

2

possess a firearm because of his alien status.  Even under the ordinary standard of review, the evidence was sufficient to support the jury's verdict. *See Ceballos-Torres*, 218 F.3d at 414-15; *United States v. Charles*, 469 F.3d 402, 407-08 (5th Cir. 2006).  Vidales necessarily fails to satisfy the more stringent plain error standard.

We need not address the parties' separate arguments regarding whether Vidales's possession of the firearm was "in relation to" a drug trafficking offense.  Vidales was neither charged with nor convicted of using or carrying a firearm in relation to a drug trafficking offense, conduct distinct from possession of a firearm in furtherance of a drug trafficking offense.  *See* § 924(c)(1)(A); *United States v. McGilberry*, 480 F.3d 326, 329 & n.1 (5th Cir. 2007).  We also reject Vidales's patently meritless argument that he did not traffic drugs for purposes of § 924(c)(1)(A).  Vidales was convicted of conspiracy to possess with intent to distribute methamphetamine, which is the predicate drug trafficking offense charged in count four.  He does not separately challenge his drug conspiracy conviction; he merely relies on a conclusory statement by a single witness that he did not traffic drugs, a statement that is contrary to the evidence, including other testimony by that same witness.

In his second point of error, Vidales argues that the oral pronouncement of the sentence and the written judgment are inconsistent with respect to terms of supervised release on counts four and five.  Thus, he contends there is either an ambiguity or a conflict requiring remand.  There is no merit to this claim.  The district court clarified the supervised release terms it intended to impose shortly after making the purportedly inconsistent statement, and those terms are reflected in the written judgment.

AFFIRMED.

3